FILED
AUG 19 2013
8-19-13
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

TCYK, LLC.

    Plaintiff,

vs.

DOES 1-36,

    Defendants.

_____/

Civil Action No. 13-cv-3841

Judge Chang

MOTION TO QUASH OR MODIFY SUBPOENA

## MOTION TO QUASH OR MODIFY SUBPOENA

NOW COMES Jane Doe, user I.P. address 67.175.216.66, and for her Motion to Quash the Subpoena issued to Comcast Communications, LLC ("Comcast") dated July 11,2013 , stated as follows:

Jane Doe, as a user if I.P. address 67.175.216.66, requests that the Court quash the subpoena pursuant to Court Rule 201(c) and pursuant to the this Courts July 11, 2013 Order. This motion is timely filed pursuant to the Date Order granting Jane Doe 23 days from receipt of notice to contest the subpoena. On or about Date received notice of the subpoena to Comcast. A copy of the subpoena is attached hereto as Exhibit "1".

The subpoena should be quashed because it violates the Electronic Communications Privacy Act ("Privacy Act") codified at 18 U.S.C. § 2702-2703. The Privacy Act, at Section 2702, prohibits an entity that provides electronic communications services from divulging the contents of a communication while in electronic storage. 18 U.S.C. §2702(a)(1). The Privacy Act only allows disclosure of customer information or records to a governmental entity

pursuant to the specifically enumerated exceptions listed at §2703, none of which apply here. Here, the subpoena seeks civil discovery by the Act. *See In re Subpoena DucesTecum to AOL, LLC*, 550 F.Supp.2d 606, 611-12 (E.D. Va. 2008) (finding that the Privacy Act does not permit disclosure in response to civil discovery subpoenas).

Petitioner's subpoena to Comcast also violates Supreme Court Rule 224. Supreme Court rule 224 does not provide for issuance of subpoenas to third-parties. Instead, Supreme Court Rule 224(a) (1) (ii) requires that the party seeking discovery file a verified petition naming the respondents from whom discovery is sought. Because the discovery is sought from Comcast, the subpoena does not comply with Supreme Court Rule 224.

A proceeding brought pursuant to Supreme Court Rule 224 is final when a court enters a discovery order adjudicating the rights of the parties. *Beale v. Edgemark Financial Corp.*, 297 Ill. App3d 242,245 (1st Dist. 1996). Appellate jurisdiction terminated when the order compelling discovery responses from this case was entered. Thus, the subpoena is improper as it issued after the case terminated and this Court lost jurisdiction.

Supreme Court Rule 224(a) (1) (i) permits discovery "for the sole purpose of ascertaining the identity of the one who may be responsible in damages... ." Here, the subpoena issued to Comcast is overly broad as it seeks information beyond the identity of Jane Doe. Specifically, the subpoena requests "any and all information for I.P. address 67.175.216.66 from 4/21/13 to present including but not limited to the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet." Supreme Court Rule 224 discovery solely for ascertaining the identity of a person who may be responsible for damages. Any other information other that the identity of Jane Doe is beyond the scope of discovery under Supreme Court Rule 224.

WHEREFORE, Jane Doe respectfully requests that this Court quash the subpoena issued to Comcast.

INTENTIONALLY LEFT BLANK

Dated: 8/19/2013                                          Respectfully submitted,

*s/John Doe*
John Doe
*Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on 8/19/2013, I served a copy of the foregoing document, via US Mail, on:

>Hughes Socol Piers Resnick & Dym, Ltd.
>70 West Madison Street, Suite 4000
>Chicago, IL 60602

Exhibit 1

| IP Address | HitDate/Time (UTC) |
| --- | --- |
| 98.226.202.16 | 2013-04-21 10:26:23 PM |
| 98.213.243.125 | 2013-04-21 09:51:07 PM |
| 24.14.67.200 | 2013-04-21 09:07:06 PM |
| 50.151.132.123 | 2013-04-21 09:03:47 PM |
| 67.175.216.66 | 2013-04-21 08:38:09 PM |
| 98.253.210.30 | 2013-04-21 08:30:01 PM |
| 71.57.110.104 | 2013-04-21 07:21:19 PM |
| 98.193.20.133 | 2013-04-21 07:18:04 PM |
| 69.246.241.158 | 2013-04-21 07:04:38 PM |
| 67.184.91.137 | 2013-04-21 07:06:54 PM |
| 71.57.8.79 | 2013-04-21 05:37:45 PM |
| 98.213.40.3 | 2013-04-21 03:59:28 PM |
| 67.167.94.193 | 2013-04-21 02:04:51 pM |
| 24.14.174.196 | 2013-04-21 01:58:45 PM |
| 98.223.209.174 | 2013-04-21 11:58:17 AM |
| 50.140.145.241 | 2013-04-21 10:45:37 AM |
| 98.253.33.231 | 2013-04-21 10:22:19 AM |
| 67.162.59.254 | 2013-04-21 09:24:30 AM |
| 24.7.203.140 | 2013-04-21 09:08:02 AM |
| 24.14.156.82 | 2013-04-21 08:14:43 AM |
| 98.222.208.121 | 2013-04-21 07:40:56 AM |
| 71.57.93.29 | 2013-04-21 06:20:32 AM |
| 71.57.9.173 | 2013-04-21 04:54:07 AM |
| 76.29.37.78 | 2013-04-21 04:28:29 AM |
| 69.246.215.193 | 2013-04-21 03:25:22 AM |
| 98.213.141.92 | 2013-04-21 03:25:00 AM |
| 67.167.85.198 | 2013-04-21 03:07:28 AM |
| 98.213.90.44 | 2013-04-21 02:16:25 AM |
| 68.58.55.32 | 2013-04-21 01:42:06 AM |
| 68.51.96.89 | 2013-04-21 01:21:10 AM |
| 50.158.14.241 | 2013-04-21 01:19:54 AM |
| 98.206.202.192 | 2013-04-21 01:10:03 AM |
| 67.175.2.241 | 2013-04-21 01:06:50 AM |
| 24.13.251.77 | 2013-04-21 12:47:03 AM |
| 67.173.101.73 | 2013-04-21 12:35:42 AM |
| 71.57.108.93 | 2013-04-21 12:21:44 AM |

Exhibit 1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| TCYK, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 13-cv-3841 |
| Does 1-36 | ) | |
| | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records: Comcast Cable Holdings, LLC, c/o The Corporation Company, 600 S. Second Street, Suite 103, Springfield, IL 62704

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions of the attached Order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will provide data to you in the most efficient and cost-effective format if you inform us of your preferred format.

| Place: Hughes Socol Piers Resnick & Dym, Ltd. 70 West Madison Street, Suite 4000 Chicago, IL 60602 | Date and Time: 08/12/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: July 11, 2013

_____   OR   _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

          CLERK OF COURT

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
TCYK, LLC _____ , who issues or requests this subpoena, are:

Michael A. Hierl, Hughes Socol Piers Resnick & Dym, Ltd., 70 West Madison Street, Suite 4000, Chicago, IL 60602; mhierl@hsplegal.com; (312) 604-0067

Exhibit 1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 13-cv-3841

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❏ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

                                                      *Server's signature*

                                                      *Printed name and title*

                                                      *Server's address*

Additional information regarding attempted service, etc:

Exhibit 1

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Case: 1:13-cv-03841 Document #: 9 Filed: 06/21/13 Page 1 of 2 PageID #:69

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 5.1.1
Eastern Division

TCYK, LLC

           Plaintiff,

v.

DOES 1-36

           Defendant.

Case No.: 1:13-cv-03841
Honorable Edmond E. Chang

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, June 21, 2013:

      MINUTE entry before Honorable Edmond E. Chang: On Plaintiffs motion for early discovery [[6]], Plaintiffs brief explains that joinder of these multiple defendants (identified for now only via IP addresses) is proper because the defendants were chosen by the hash value of the particular version of the copyrighted work, by location in this District, and by a particular time period. Those limitations, Defendant says, defines the swarm. But the geographic limitation is really a personal-jurisdiction limit and not a joinder limit, and the specified time period does not appear to be chosen by any particular principle. So the hash value is really the connecting link for joinder. The Court is not entirely convinced that Plaintiffs joinder limit (the hash value) is correct in all situations, because it would allow, in theory, for joinder of a defendant who downloaded or uploaded on Day 1 with a defendant who participated in the swarm (as defined by Plaintiff) years later, so long as the hast value is the same. But here Plaintiff did limit the time period in defining the swarm (in this case, to a single day), so at this stage of the litigation (where there is not even an adversarial presentation), it is permissible at least to engage in discovery to identify the defendants. Defendants may re-raise the joinder issue later in the case. Status hearing set for 09/04/13 at 8:30 a.m.. The parties must file a joint initial status report with the content described in the attached status report requirements at least 3 business days before the initial status hearing. Plaintiff must still file the report even if not all Defendants have been served or have responded to requests to craft a joint report. Mailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our

web site at *www.ilnd.uscourts.gov*.

Exhibit 1